HUTCHINSON PARKWAY APARTMENTS, INC., Appellant-Respondent, v. CITY OF NEW YORK et al., Respondents-Appellants.

First Department, December 10, 1964.

*Martin E. Hecht* of counsel (*Simon Gallet* and *Irwin K. Fingerit*; *Gallet, Hecht & Fingerit,* attorneys), for appellant-respondent.

*Charles A. La Torella, Jr.,* of counsel (*Seymour B. Quel* and *Philip V. Sherman* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for respondents-appellants.

RABIN, J. The plaintiff is a limited-profit co-operative housing corporation organized pursuant to the Mitchell-Lama Act (Public Housing Law, § 301 *et seq.*). Pursuant to the provisions of said act the defendant, City of New York, granted plaintiff a tax exemption and made a mortgage loan to it. The mortgage provided that the plaintiff, as borrower, was to pay, in addition to interest, "a proportionate share of the cost of borrowing and expenses of administration as certified by the * * * Comptroller, which share shall in no event exceed the rate of one-half of one per centum * * * per annum."

In June, 1962 the Chairman of the Housing and Redevelopment Board (the successor to the Comptroller in the area with which we are concerned) issued a certificate fixing plaintiff's "proportionate share" of "borrowing and expenses of administration" at ½% per annum. The plaintiff demanded that it be given a statement indicating how its "proportionate share" had been computed rather than merely the conclusory certification. It also requested that the certification indicate the amount due in dollars rather than percentages. The defendant refused to comply with plaintiff's request and a portion of the relief sought in this action is a declaration that the defendants are

obliged to do so. Special Term held that the certificate as issued was sufficient. The plaintiff appeals from that determination.

Apart from the aforesaid ½% charge made, the defendant made a further charge based upon a regulation promulgated by it setting forth a schedule of fees applicable to all limited-profit projects. This schedule provided for a "management supervision fee" of $1.80 per rental room per annum. In this action plaintiff contends that the defendant had no power to impose that fee and asks for a declaration accordingly. Special Term agreed with the plaintiff and held that there was no power to make such a charge and the defendants appeal from that determination.

The power of the defendant to assess charges against the plaintiff, over and above interest due on the mortgage, stems from section 312 of the Public Housing Law (now embodied in section 23 of the Private Housing Finance Law). In June, 1959—when the loan contract was executed—the pertinent provisions of that statute provided as follows:

"2. The municipal comptroller shall have exclusive power to promulgate such supplementary rules and regulations with respect to a municipally aided project and a company formed to undertake or operate any such project, as may be necessary to carry out the provisions of this article."

* * *

"7. With respect to a municipally aided project, the municipal comptroller may charge the company reasonable fees for financing, regulation, supervision and audit. Such fees shall be kept by the municipality in a separate fund to be known as the housing fund, and shall be used to pay for the expenses of the municipal comptroller in administering and carrying out the provisions of this article."

The statute thus authorizes the defendants to charge the plaintiff reasonable fees for financing, regulation, supervision and audit. The "proportionate share" of expenses provided for in the mortgage was designated as being for the "cost of borrowing and expense of administration." The fee of $1.80 per room charged was designated as being for "management supervision."

The charge of up to ½% called for by the mortgage comes within the permissible areas set forth in the statute, i.e., financing, regulation, supervision and audit. However, on this record we cannot determine whether the term "borrowing and expense of administration" was meant to and does cover all of the statutory areas or only some of them. Further factual

development on this score is required. Nor are there sufficient facts set forth to enable us to determine what is included in the additional "management supervision fee". If the fee called for by the mortgage was intended to and does include all of the areas allowed to be charged for by the statute, then the charge of $1.80 per room would be improper. If, however, the mortgage "fee" only covers some of those areas then the charge of $1.80 would be proper if the basis for such charge comes within the statutory area and there is no showing that it was arrived at arbitrarily.

The plaintiff attempts to demonstrate that the charges are overlapping. Its affidavits are purely conclusory. The same may be said of the affidavits submitted by defendants which attempt to demonstrate that the charges are independent. We cannot resolve the issues presented based upon such nonfactual allegations. A trial is required.

While it would appear, based upon what is presently available to us, that the certification of the defendants without a "breakdown" was sufficient to call into play plaintiff's obligation to pay, we conclude, as a matter of discretion, that the resolution of such question should likewise await a trial. The fee under the mortgage and that due under the regulations are so interrelated that the interests of justice would appear to dictate that both questions be passed upon when all the facts have been developed.

Accordingly, the order and judgment should be reversed, on the law and in the exercise of discretion, the judgment vacated and the motion for summary judgment denied, without costs.

McNALLY, EAGER, STEUER and WITMER, JJ., concur.

Order and judgment (one paper) unanimously reversed, on the law and in the exercise of discretion, without costs, the judgment vacated and the motion for summary judgment denied.